IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     23-cr-00018-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RICARDO MARTINEZ-NEVAREZ,

       Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Ricardo Martinez-Nevarez, by and through his counsel, hereby moves this Court for an Order excluding sixty days from the Speedy Trial Act computations, vacating current deadlines, including the motions deadline (February 17, 2023), the Trial Preparation Conference (March 24, 2023), and the trial date (April 3, 2023), and setting new motions filing deadlines and trial dates accordingly. The government does not oppose this Motion. In support thereof, Mr. Martinez-Nevarez states as follows:

**PROCEDURAL HISTORY**

1.    On January 17, 2023 Mr. Martinez-Nevarez was indicted on two counts: the first alleging that he possessed with the intent to distribute 40 grams and more of a mixture or a substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); and the second alleging that he possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  *See* ECF No. 1.

2. On January 24, 2023, Mr. Martinez-Nevarez made his initial appearance in this case before the Honorable James P. O'Hara, was arraigned, and entered pleas of not guilty to each of the charges against him. *See* ECF No. 9. The parties also executed a discovery memorandum. *See* ECF No. 12. Mr. Martinez-Nevarez did not contest the issue of detention (ECF No. 9), and he has subsequently been detained at the Jefferson County Detention Center in Golden, Colorado.

3. On January 26, 2023, this Court set a pretrial motions deadline of February 17, 2023, and scheduled a three-day jury trial to begin on April 3, 2023. *See* ECF No. 14.

4. The government has now made two discovery productions to Mr. Martinez-Nevarez—the first of which occurred on January 26, 2023, and the second on February 7, 2023. These initial productions consist of several hundred pages of police reports, criminal history documents, laboratory analysis, photographs, and twenty-seven body worn camera videos of varying lengths. Counsel is working her way through these materials, has begun to discuss them with Mr. Martinez-Nevarez, and has made a follow-up request with the government for additional relevant and discoverable materials. However, a number of critical tasks pertaining both to the evaluation of pretrial motions issues and to trial preparation, as well as to understanding the sentencing ramifications of a conviction in this case remain outstanding. Specifically, counsel needs additional time in order to complete independent investigative follow up, to fully review the discovery with Mr. Martinez-Nevarez, and to obtain court documents and records that could impact the calculation of the applicable sentencing guideline range in this case. Additionally, because Mr. Martinez-Nevarez has not previously been prosecuted in federal court, counsel also needs additional time to discuss the case with him and to help him understand both the process of a federal criminal court trial and federal sentencing procedure. Undersigned counsel has begun the process of obtaining relevant records, locating fact witnesses, reviewing the discovery she has

received thus far with Mr. Martinez-Nevarez, and discussing this case (including making requests for additional discoverable materials) with the government. However, she anticipates needing a relatively brief period of additional time in order to complete each of these tasks.

## LAW REGARDING REQUESTS FOR CONTINUANCES

5.  This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

6.  In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if

granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

7. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

8. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial. Proceeding within the current time requirements would deny counsel for Mr. Martinez-Nevarez the reasonable time necessary for effective preparation. While counsel has received and made a preliminary review of the initial discovery disclosed by the government and has begun to discuss it with Mr. Martinez-Nevarez, she needs additional time to complete her review (including reviewing material that has not yet been received), and to discuss these materials with him in more detail. Counsel also needs to research potential suppression issues, engage in investigative follow-up, and obtain and review relevant court records in order to properly advise Mr. Martinez-Nevarez as to his potential sentencing exposure in this matter. Only after that review and investigation are complete can counsel fully analyze the case, appropriately advise Mr. Martinez-Nevarez as to his options, and prepare for motions and trial. These critical tasks cannot be completed before the upcoming deadlines and trial date.

9. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

10. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has made a preliminary review of the discovery provided thus far

and has discussed it generally with Mr. Martinez-Nevarez.  She has also begun to explain the process of a federal criminal case to him.  Because Mr. Martinez-Nevarez has never previously been charged with an offense in federal court, counsel must take the time necessary to explain to him the federal criminal trial, plea, and sentencing processes, federal statutory schemes, and the federal sentencing guidelines.  Counsel has also begun to speak with the government regarding various issues in this case including exploring whether a resolution of this case short of trial is possible.  Defense counsel has further shown diligence by making this request well before the expiration of the speedy trial clock and prior to the motions filing deadline of February 17, 2023.

11.     Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, including discovery not yet received, and evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation and investigation is necessary in order to advise Mr. Martinez-Nevarez about his options and any potential strategies for his defense. This 60-day continuance would allow defense counsel time to review all discovery, collect outstanding records, and complete her investigation, all of which are necessary to providing Mr. Martinez-Nevarez with full and effective assistance of counsel.

12.     Third, this request will not inconvenience the opposing party or its witnesses. Undersigned counsel has consulted with Assistant U.S. Attorney Albert Buchman who indicated that he does not oppose this motion, and there are no known issues with witness availability or scheduling.

13.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial.  Counsel has consulted with Mr. Martinez-

Nevarez who has no objection to the instant motion and, indeed, is in favor of his counsel taking the time necessary to represent him effectively. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Ricardo Martinez-Nevarez, through his counsel, respectfully requests this Court for an Order excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Albert Buchman, Assistant United States Attorney
      Email:  al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Ricardo Martinez-Nevarez (via U.S. Mail)

      s/ Stephanie Snyder
      STEPHANIE SNYDER
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone: (303) 294-7002
      FAX: (303) 294-1192
      Stephanie_Snyder@fd.org
      Attorney for Defendant