IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    23-cr-00018-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICARDO MARTINEZ-NEVAREZ,

        Defendant.

---

**SECOND UNOPPOSED MOTION TO EXCLUDE 30 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Ricardo Martinez-Nevarez, by and through his counsel, hereby moves this Court for an Order excluding an additional thirty days from the Speedy Trial Act computations, vacating current deadlines, including the motions deadline (April 18, 2023), the trial preparation conference (June 9, 2023), and the trial date (June 12, 2023), and setting new motions filing deadlines and trial dates accordingly.  The government does not oppose this Motion.  In support thereof, Mr. Martinez-Nevarez states as follows:

### PROCEDURAL HISTORY

1.      On January 17, 2023, Mr. Martinez-Nevarez was indicted on two counts: the first alleging that he possessed with the intent to distribute 40 grams and more of a mixture or a substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); and the second alleging that he possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  *See* ECF No. 1.

2. On January 24, 2023, Mr. Martinez-Nevarez made his initial appearance in this case before the Honorable James P. O'Hara, was arraigned, and entered pleas of not guilty to each of the charges against him. *See* ECF No. 9. The parties also executed a discovery memorandum. *See* ECF No. 12. Mr. Martinez-Nevarez did not contest the issue of detention (ECF No. 9), and he has subsequently been detained at the Jefferson County Detention Center in Golden, Colorado.

3. On January 26, 2023, this Court set a pretrial motions deadline of February 17, 2023, and scheduled a three-day jury trial to begin on April 3, 2023. *See* ECF No. 14.

4. On February 15, 2023, Mr. Martinez-Nevarez filed his first unopposed motion to exclude time under the Speedy Trial Act, explaining that he needed additional time to review the government's discovery productions and to prepare to litigate pretrial motions and for trial. *See* ECF No. 16.

5. The Court granted Mr. Martinez-Nevarez's EOJ motion on February 24, 2023, finding in so doing that 48 days remained in the speedy trial period. *See* ECF No. 17 at p.1.

6. In the weeks since the Court issued its Order the parties have worked diligently to exchange information and to prepare to litigate motions and trial. Counsel for Mr. Martinez-Nevarez has made a number of supplemental discovery requests and the government has now made nine separate discovery productions, including two within the last week. The government has also recently provided the defense with two supplemental expert disclosures, and the parties are actively engaged in discussions to explore whether a resolution short of trial can be reached in this matter.

7. However, a number of critical tasks pertaining both to the evaluation of pretrial motions issues and to trial preparation remain outstanding. Specifically, counsel needs additional time in order to complete independent investigative follow up with a relevant fact witness. She

would also like to consult with an expert regarding issues surrounding the drug weight in this case that gives rises to the mandatory minimum prison sentence on that count.  Finally, she needs time to fully discuss any possible resolutions short of trial with Mr. Martinez-Nevarez.  The parties have consulted about reasonable time frames for accomplishing these outstanding tasks and believe that a further exclusion of 30 days in this case would allow for their completion.

## LAW REGARDING REQUESTS FOR CONTINUANCES

8. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

3

9. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

10. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

11. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant in a speedy trial at this juncture. Proceeding within the current time requirements would deny counsel for Mr. Martinez-Nevarez the reasonable time necessary for effective preparation. While counsel has worked to review all of the discovery disclosed by the government and to discuss it with Mr. Martinez-Nevarez, she needs additional time in order to complete her independent factual investigation in the case and prepare to meaningfully challenge the government's expert witnesses. Counsel also needs a modest amount of additional time in order to prepare a potential suppression motion, and to finalize plea negotiations with the government. Only after those tasks have been completed can counsel fully analyze the case, appropriately advise Mr. Martinez-Nevarez as to his options, and finish preparations for motions and trial. These critical tasks cannot be completed before the upcoming deadlines and trial date.

12. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

13. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has reviewed the discovery provided thus far and has discussed it with Mr. Martinez-Nevarez. She has explained the process of a federal criminal case to him. Counsel has also been in regular communication with the government regarding various issues in this case, including exploring whether a resolution of this case short of trial is possible. Defense counsel has further shown diligence by making this request well before the expiration of the speedy trial clock and prior to the motions filing deadline of April 17, 2023.

14. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 30 days from the requirements of the Speedy Trial Act will allow defense counsel the time to complete her investigation in this case, prepare relevant pretrial motions, and ascertain whether a resolution short of trial can be reached in this case. This type of thorough evaluation and investigation is necessary in order to advise Mr. Martinez-Nevarez about his options and any potential strategies for his defense. This 30-day continuance would allow defense counsel time to complete her investigation, consult with an expert, and determine whether a resolution short of trial can be reached—all of which are necessary to providing Mr. Martinez-Nevarez with full and effective assistance of counsel.

15. Third, this request will not inconvenience the opposing party or its witnesses. Undersigned counsel has consulted with Assistant U.S. Attorney Albert Buchman who indicated that he does not oppose this motion, and there are no known issues with witness availability or scheduling.

16. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial of his request. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be

unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Ricardo Martinez-Nevarez, through his counsel, respectfully requests this Court for an Order excluding 30 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,
VIRGINIA L. GRADY
Federal Public Defender


s/ Stephanie Snyder
STEPHANIE SNYDER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Stephanie_Snyder@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Albert Buchman, Assistant United States Attorney
      Email:  al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ricardo Martinez-Nevarez (via U.S. Mail)

                                         s/ Stephanie Snyder
                                         STEPHANIE SNYDER
                                         Assistant Federal Public Defender
                                         633 17th Street, Suite 1000
                                         Denver, CO  80202
                                         Telephone: (303) 294-7002
                                         FAX: (303) 294-1192
                                         Stephanie_Snyder@fd.org
                                         Attorney for Defendant